Good afternoon, your honors. Charles Chapman for Plaintiff and Appellant AE. For the purpose of this appeal, plaintiff state law claims against the County of Tulare are based on the very precarious liability imposed by California Government Code section 815.2. Now in the in the order under review, the Ms. Portillo, Ms. Wampler, and Ms. Felix without prejudice and with leave to amend. Therefore, there was still a very real possibility that the county would have statutory vicarious liability under section 815.2. Go ahead, Ms. Chapman. Is this case final, then, if there are still remaining parties in the case? Do we have a final judgment? No, we do not, but I was forced to file this appeal because the district court judge certified the order for an independent judgment. And under the existing case law, if I didn't file the appeal at this time, I'd waive it. It's final with respect to the county, correct? The county's no longer a party to the case? At the district court level, yes. May I ask if you can tell me what's going on at the district court right now? At the district court level, there's a third amended complaint that's been filed. It's been answered. And that's the operable pleading. It's that issue. Right. Discovery hasn't closed. No, no, no. The case is still pending. The case is still pending. And just to give the most up-to-date information, we just filed a stipulation to file a fourth amended complaint to substitute in the equivalent of some bill defendants. Okay. If you were granted leave to amend as to these claims, what would your amended complaint consist of? Well, as to the state law claims, it would simply rely on vicarious liability under Section 815.2, based on the fact that when the district court denied the motion to dismiss the third amended complaint, it found that we had stated claims against the individual employee defendants. So under state law, derivative liability attaches as long as there is at least one employee of the county that is found liable. That is correct. So it's unlike Section 1983 liability where you can't have responding. Right. It does not have a Monell causation requirement. It's 815.2, vicarious liability. And I will mention that the commission comment to Section 815.2 makes it clear that the employee upon which the vicarious liability is based need not be a named defendant. So in this case, in addition to the fact that there were named defendants who the district court has now found, the plaintiff has stated a claim, there were defendants at the time of the order that had not been served, namely Heidi Williams, Helen Rue, and Letitia Quezada. And the district court didn't address vicarious liability based on those individuals. So what we have, Your Honors, is a situation where it simply makes no sense to have a pending district court action where it's pending against individuals, individual government employees, but right now the court has ruled as a matter of law that there can be no Section 815.2 vicarious liability. And that's internally inconsistent. That's just not possible. Why do you think the district court made that ruling? I think the district court, reading the district court opinion, I think the district court focused primarily on Government Code Section 815.6 mandatory duty liability, which we had also alleged. And that was the real focus of the decision. And while we had alleged and argued 815.2 vicarious liability, I think the court got caught up in 815.6, which is mandatory duty and that's imposed only against the government entity. I think it's related to that point. Judge Thomas asked you what the new complaint would look like. Are you going to allege a Monell claim? Yeah. As to the we had alleged a Monell claim. And our position on that was that under, and I understand there's been a change with Twombly and Iqbal. Under preexisting Ninth Circuit authority, a bare allegation of Monell liability would suffice. I understand that Iqbal and Twombly superseding Supreme Court authority. But neither of those cases deal with the problem that's presented to plaintiffs where the facts are solely within the knowledge of the defendant county. And because of the privacy accorded to foster care and child placement agencies, it's impossible to get that type of information through a Public Records Act request. You can only get it through litigation. Is there any tension between your Respondent Superior liability under State law and then a Monell claim? No, there's not. I litigate many 1983 police excessive force cases, and it's standard that under 815.2 that's a matter of State law. It's vicarious liability. Monell is Federal policy, and there's the Monell causation requirement. But on Monell, you have to have a policy, practice, or custom. And is your theory that these individual social workers made a mistake? They were negligent, right? Right. In the theory, the most accepted theory is under City of Chicago. It's objective, deliberate indifference to wrongdoing. We think that we had properly alleged that if we were granted leave to amend, I can't specify exactly what we would – I apologize. I can't specify what exactly we'd further allege with regards to that. If granted leave to amend on the Monell claim. On the Monell. On the Monell. Because it sounds to me you'd be saying that they have a policy practice of being deliberately indifferent. No, no. You can establish under City of Chicago one way you can establish deliberate indifference, a policy and practice as if you're deliberately indifferent to wrongdoing, and it's an objective test. It's essentially the same as a negligence standard. It's an objective test. So, counsel, I just wanted to explore your response regarding the pleading requirements that have recently been established by the Supreme Court. Are you arguing that there should be an exception to those pleading requirements in the 1983 cause of action? Because it's not been interpreted that way today. I understand that it is not. And I would argue that in cases where the information is exclusively within the knowledge of the defendants as a practical matter, you need somewhat of a relaxation. But isn't that precisely the argument that was made in Twanley? I mean, in Twanley, they basically said, look, it's an antitrust case. We can't get the information. We're entitled to notice of pleading. We're entitled to some discovery. And you saw what happened at the Supreme Court. So how is that indifferent? The only difference is under the Public Records Act with government entities, you're precluded from other avenues of obtaining information. I do want to address something very quickly, which is that in their briefs, the county attacks the sufficiency of the allegations against the individual defendants. And I want to say that that's improper and unavailing because right now the first amended complaint that they attack is not the operable complaint. The third amended complaint is the operable complaint. The third amended complaint is not before this Court. Right. So don't we have to rule on what's before this Court, though? Right. But what's before this Court is a district court order granting leave to amend to the individual defendants, which creates the possibility of vicarious liability under Section 815.2. For the Court to reach the merits of the claims against individual defendants, under the first amended complaint, would be akin to a district court ruling on a 12b6 motion to dismiss an original complaint after the third amended complaint had been filed. You know, the allegations with regard to the individual individuals in the first amended complaint have now been superseded and they're not the operable allegations, and the district court has found those allegations to be sufficient, and that finding on the third amended complaint is not before this Court. Okay. Your time is expiring. We'll give you a little bit of time. We'll give you a little time for rebuttal. Thank you, Your Honor. Good afternoon. My name is Judy Chapman. I'm appearing on behalf of the County of Tulare. We're here on a very limited issue, and that's whether or not the Court should have granted leave to amend its case against the County of Tulare. The Court asked a question earlier about why the Court dismissed with prejudice, and I thought a lot about that. I think the Court dismissed with prejudice because the appellant failed to address the issues raised in the moving papers, and that was that there was no mandatory duty alleged applicable to the facts of the case on the State law claims. All right. Let's say we agree with you on that. What about the derivative liability? Under derivative liability, the county can be held liable for acts of its employees in the course and scope of their employment unless the employee is immune. Essentially, this case is a lawsuit against social workers for failing to remove a minor from a home upon certain allegations. Right. Before you get too far down that road, it seemed to me that the district court lumped in derivative liability and direct liability. Is that the way you read the order? I'm not really sure what the Court's intention was in drafting its opinion. However, the course of the law is in California that there has to be a mandatory duty, whether you're an employee or the county, in order to attach liability to the county. And again, there was no mandatory duty alleged. But why would the State then allow the action to proceed against some of the individual defendants? I believe that that is an error. I believe the face of the original complaint before this Court establishes that the conduct of the social worker was in the course of conducting discretionary acts. But you didn't appeal that. That's correct. You didn't cross-appeal. So we're left with the Court's conclusion that individual defendants remain subject to liability. That is correct. So why doesn't that subject the county to potential derivative liability? Again, the operative pleading before this Court is the First Amendment complaint, not the current complaint before the district court. And in the First Amendment complaint, there's an affirmative showing that the conduct was in the course of providing discretionary acts. But the Court didn't make that ruling. The Court allowed those individual defendants to remain as defendants. So then why doesn't that expose the county to derivative liability as a matter of law? The Court didn't explain why it gave appellant the opportunity to amend. The Court did say out of an abundance of caution. The Court also said that it doubted that the prior acts, which is a single incident of a bruise on the minor caused by a 17-year-old foster brother, gave rise to any duty. However, the county does concede that if this Court determines that the social worker could be found liable in the course and scope of their employment and that the face of the complaint does not establish immunity, that the county could be held vicariously liable. I apologize for not knowing this, but did you ask for the 54B certification or did the Court do it on its own? I'm sorry. Did you ask for the 54B certification or did the Court do it on its own? The Court did it on its own. We did not ask for that. As far as the Monell liability is concerned, appellant argues essentially that there's no Monell liability because there's employees still in the action. And that's not the case of the law. Appellant has to allege a policy or custom. An appellant failed to do it at the district court level and has also failed to do it at this level. And again, the face of the complaint establishes that there was no deliberate indifference. The social worker went out. The social worker took pictures. The social worker investigated the situation. Spoke to the minor's therapist. And so, again, there's no deliberate indifference established, but also there's the face of the complaint establishes that there's no policy and custom of allowing abusive situations to occur. In fact, But isn't the question is whether the plaintiff should be given leave to amend. Let's say we agree with you that the current complaint isn't good enough to allege a policy, practice, or custom. But shouldn't they be given another shot? Well, the face of the complaint actually establishes that there is a policy and custom and practice of removing children when it becomes apparent that a child is at risk. So let's say it's a defective pleading and he says, okay, I understand now. Why shouldn't they be allowed to amend? Because the face of the complaint establishes the defense. But that's a circular argument, you see. I mean, you're saying the complaint was defective and, therefore, he shouldn't be allowed to amend it. I don't quite understand that. Actually, what I'm saying is that the face of the complaint says that once allegations were raised with the department concerning a possible molest, the department did act. They became involved. It actually affirmatively establishes a policy of not allowing abuse to occur. And so, therefore, based on that evidence contained in the complaint, if appellant were to amend, they'd essentially have to remove allegations that are in the first amended complaint that are admissions. Right. So they do that. You can argue judicial estoppel, I suppose, or something else, the district court. But why shouldn't, once a complaint's been determined to be defective and there's a possibility of liability because the case is going on against the coworkers and there's a possibility of derivative liability, why shouldn't the court allow them to amend? As far as the Monell allegation is concerned, they can't sustain that allegation based on the admissions in the first amended complaint. But when they amend, if the complaint is amended, the prior complaint is out the door and it no longer has any legal significance. So you can't rely on what's in the first complaint to defeat the second complaint because the first complaint is no longer operative. That's true, but where you've already had an admission that establishes that there's no policy, allowing an amendment would simply allow a plaintiff to deny or to reject facts that they previously admitted. It could have been in error. The first, that's why you amend your pleadings, because you get more, better information regarding your claim. And so if a court allows amendment of a complaint, that means the court is giving permission for the party to make additional allegations, different allegations, amend allegations. So if parties were bound by the complaint, there would be no need to allow amendment of the complaint. Appellant would have to explain why those allegations were removed. Appellant hasn't alleged that they're able to do that. But that's an argument you can make to the district court. Now, let me put the question a different way. Let's assume that the amended complaint only alleges derivative liability under State law. Okay? What does that do to your argument? On the State law claim? Yeah. It doesn't allege Monell. It doesn't allege mandatory duty. It just says if you hold the social workers liable, we're entitled to claim of derivative liability against the county. That's all it says. That's permissible. The county concedes that under the action, under the State law statutes, that if you hold a social worker liable for conduct in the course and scope of employment and that they're not immune, then the county is liable. So let's assume that the district court says, yeah, you can amend, but that's the only thing we'll let you amend for. Isn't that okay? It's a theory, viable theory. Yes, however, this Court Let me stop. So it wasn't an error for the district court to say you can't allege, you can't amend to allege a derivative liability theory. The district court said it would be futile, but we all see it's not futile if liability attaches to the social workers. And I know you aren't conceding that, but. We aren't conceding that there's liability. Right. But, I mean, the court has said I'm going to grant leave to amend. So here we are. Don't you think the district court erred in that respect? I understand that if they are found liable, that the county can be found liable. Okay. Any further questions? No. Okay. Thanks. We'll give you a minute. Thank you, Your Honor. I want to respond to one thing that I believe our opposing counsel said that I think further demonstrates the confusion perhaps in the district court opinion. I believe there was a statement that individual as well as entity, all entity liability requires breach of a mandatory duty. And that's simply not correct. Mandatory, breach of mandatory duty is the basis for liability under Section 815.6. Under Section 815, an individual has the same liability, individual employee has the same liability that he has at common law, except for whatever statutory immunities there are. And then 815.2 says that there's vicarious liability. So why don't you just offer to amend your complaint to allege 815.2 and keep it at that? Yes. We would be happy to do that. Okay. Thank you. The case will be submitted for decision. The case of Garcia v. Thank you both for your arguments. The case of Garcia v. Clark is submitted.
judges: Carney, Thomas, Rawlinson